IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00130-MR

| | |
|---|---|
| DEESHUN DADE, | ) |
| Plaintiff, | ) |
| vs. | ) |
| FNU JONES, | ) **ORDER** |
| Defendant. | ) |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.  BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Foothills Correctional Institution, where he is presently incarcerated. The Plaintiff names as the sole Defendant FNU Jones, a correctional officer. He claims that Officer Jones pulled his hair during a physical altercation between the Plaintiff, Jones, and other officers on April 5, 2022, which resulted in the loss of a "significant amount of hair" and required him to cut off his "locks," which

"goes against" his Rastafarian religion. [Doc. 1 at 5]. He seeks compensatory, punitive, and nominal damages. [Id.].

Before the Plaintiff initiated the instant action, he filed another § 1983 action in this Court, Case No. 1:22-cv-00081-MR. The Amended Complaint[1] in Case No. 1:22-cv-00081 names as Defendants several correctional officers including Officer Jones. In that case, the Plaintiff's claims include an excessive force claim against Officer Jones and others relating to the same April 5, 2022 physical altercation in which the alleged hair loss occurred. The Amended Complaint in Case No. 1:22-cv-00081 has not yet been reviewed for frivolity.

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails

---

[1] The Plaintiff filed the Amended Complaint in Case No. 1:22-cv-00081, before the Complaint was reviewed for frivolity.

to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Here, the Plaintiff's Complaint is so overlapping and duplicative of Case No. 1:22-cv-00081 that the Court cannot allow the two actions to proceed simultaneously. Because the Plaintiff filed the proceedings in the other case first, the Court will dismiss the instant action without prejudice. The Plaintiff will be granted the opportunity to amend his Complaint in Case No. 1:22-cv-00081 in light of the instant case's dismissal.

## IV. CONCLUSION

In sum, the Plaintiff's Complaint is duplicative of Case No. 1:22-cv-00081-MR and, as such, the instant action will be dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: August 16, 2022

Martin Reidinger
Chief United States District Judge